**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PETER RAYMOND WILLIAMS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0326-TWT-JFK-5 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-3982-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Peter Raymond Williams, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion [201] and Respondent's response, as corrected [203, 204]. For the reasons stated below, this action must be dismissed as untimely.

**I.  Discussion**

Movant pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, for which he was subject to a maximum ten-year term of imprisonment. (Guilty Plea and Plea Agreement at 3, ECF No. 96-1; J., ECF No. 114). By judgment entered on September 29, 2011, the Court imposed on Movant a 63-month term of imprisonment, below the statutory maximum. (J., ECF No. 114). On

September 5, 2013, the Eleventh Circuit Court of Appeals allowed Movant's appellate counsel to withdraw, found that an independent examination of the entire record revealed no arguable issues of merit, and affirmed Movant's conviction and sentence. (USCA Op., ECF No. 196). The record does not show that Movant sought further direct review.

On October 18, 2016, Movant filed his current § 2255 motion.[1] (Mot. to Vacate, ECF No. 201). Movant asserts that the Court should grant him a minor role reduction based on Amendment 794 to the United States Sentencing Guidelines (U.S.S.G).[2]

---

[1] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988), and Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[2] On November 1, 2015, Amendment 794, a clarifying amendment, amended the commentary to U.S.S.G. § 3B1.2 and provided a non-exhaustive list of factors to be considered for a minor- or minimal-participant role reduction. See U.S.S.G. 3B1.2, Application Notes 3.(C); United States v. Cruickshank, 837 F.3d 1182, 1194 (11th Cir. 2016) ("[T]he government in this case argues correctly that Amendment 794 merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2."), cert. denied, No. 16-7337, 2017 WL 1199489 (U.S. Apr. 3, 2017).

Generally, a request for a sentence reduction based on a guidelines amendment should be brought under 18 U.S.C. § 3582(c)(2). See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (discussing § 3582(c)(2)). The Court does not construe this action as being brought under § 3582. Amendment 794 is not listed as a covered amendment in U.S.S.G § 1B1.10(d) and, thus, a reduction would be against the

(Mot. to Vacate at 5-7, ECF No. 201). Respondent opposes Movant's motion and argues that Movant entered into a valid appeal waiver of his right to collaterally attack his sentence, that his claim is not cognizable under § 2255, and that his § 2255 action is time barred. (Resp't Corrected Resp. at 3-13, ECF No. 204). A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

---

guidelines policy statement on guidelines-amendment reductions. See United States v. Garcia, No. CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016); see also United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and this list does not include Amendment 794.").

AO 72A
(Rev.8/82)

Thomas v. Attorney Gen., Fla., 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).

Based on the record before the Court, Movant's conviction became final on December 4, 2013, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on September 5, 2013, affirmed his conviction. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). Under § 2255(f)(1), Movant's § 2255 motion was due by December 4, 2014, and his October 18, 2016, motion is untimely by approximately one year and ten months. Section 2255(f)(2) is inapplicable because Movant alleges no unlawful government impediment that prevented him from filing a § 2255 motion earlier. Section 2255(f)(3) is unhelpful because Movant presents no right newly recognized by the United States Supreme Court. Section 2255(f)(4) also is inapplicable because a guidelines amendment does not qualify as a supporting fact

4

to a claim for relief. See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." (emphasis in original) (quoting § 2255(f)(4))); Seals v. United States, No. 08-CV-80, 2009 WL 1108482, at *2 (S.D. Ill. Apr. 24, 2009) (stating that a guidelines amendment is not a fact in that "[t]he Amendment is not 'subject to proof or disproof,' but is rather a substantive legal change" (citation not provided)).

Further, Movant does not show that he is entitled to equitable tolling. See United States v. Snyder, No. 1:99-CR-11, 2008 WL 370663, at *2 (N.D. Ind. Feb. 11, 2008) ("[The movant] cites no authority, and this court has found none to support the proposition that changes or amendments to existing sentencing guidelines constitutes an extraordinary circumstance thereby justifying equitable tolling of the AEDPA statute of limitations."). Movant, who was sentenced below his statutory maximum, also is not helped by the actual innocence exception. See Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy

5

the demanding standard that a sentencing error resulted in a complete miscarriage of justice."), cert. denied, _ U.S. _, 135 S. Ct. 2836 (2015). Movant's § 2255 motion is untimely, and Respondent's motion to dismiss should be granted.

## II.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because untimeliness is not debatable. If the Court adopts this recommendation and denies a

6

COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion [201] be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 17th day of May, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)